UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number:_____

Roderick Thomas
(Write the full name of the plaintiff)

vs.

Michael Rosario (02020)
West Palm Beach Police officer

FILED BY _PCC_ D.C.
SEP 17 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

(Write the full name of the defendant/s in this case)

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

I. Party Information

A. Plaintiff: Roderick Thomas

Address: 1348 Madison Chase Apt #3 WPB, Fl 33411

Inmate/Prison No.: BO5435

Year of Birth: 79 (Do not include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs. Roderick Thomas

B. Defendant: Michael Rosario   Defendant:_____

Official Position: Patrol officer   Official Position:_____

Place of Employment: West Palm Beach Police Department   Place of Employment:_____

(Write the full name of each defendant, official position and place of employment. Attach a separate page if you need additional space for additional defendants.)

## II. Statement of Claim

Briefly describe the facts of your case. Describe how each defendant is involved, names of other persons involved, and dates and places. Each claim should be stated in a separately numbered paragraph. Please use short and plain statements, with separately numbered paragraphs indicating why the relief requested should be granted. Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

On Feb 7 Ofc Rosario wrote in his probable causes affidavit that he was coming down 600 block of 39th St traveling east bound, when he observed the defendant fail to stop at a stop sign. However, Ofc Rosario testified at a suppression hearing that he was in the alley way traveling North to South when he seen the plaintiff commit the above infraction, which his body cam didn't capture nor documented. Ofc Rosario was under oath when he show a blatant disregard for the truth in his probable causes affidavit

## III. Relief Requested

Briefly state what you are requesting from the Court (what do you want the Court to do). Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

The Plaintiff ask the court to award him $350K in punitive damages, $350K for violating of the Plaintiff due process rights, $350K in loss wages, $350K in compensatory damages, $350K in continuing damages, 90K in discretionary damages, and $350K in emotional-distress damages.

_____

_____

### IV. Jury Demand

Are you demanding a jury trial?   __X__ Yes   ____ No

Signed this __17th__ day of __September__, 20__24__

_____
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: __9-17-24__

_____
Signature of Plaintiff

# PROBABLE CAUSE AFFIDAVIT

| OBTS Number | | | | 1. Arrest  3. Request for Warrant | 1 | JUVENILE |
|---|---|---|---|---|---|---|
| | | | | 2. N.T.A.  4. Request for Capias | | |

| Agency ORI Number | Agency Name | Agency Report Number |
|---|---|---|
| FL 0500800 | WEST PALM BEACH POLICE | 9 \| 4 \| 2021-0001947 |

Charge Type: ☒ 1. Felony  ☐ 3. Misdemeanor  ☐ 5. Ordinance
Check as many    ☐ 2. Traffic Felony  ☐ 4. Traffic Misdemeanor  ☐ 6. Other
as apply.

Special Notes:

| Name (Last, First, Middle) | Alias | Race | Sex | Date of Birth |
|---|---|---|---|---|
| THOMAS, RODERICK GERMAINE | | B | M | 07/06/1979 |

| Charge Description | Charge Description |
|---|---|
| 790.23(1A) POSSESS WEAPON OR AMMO BY CONVICTED FELON | 790.07(2) POSSESSION OF A FIREARM DURING FELONY |
| 893.13(6)(A) \| COCAINE POSSESSION OF COCAINE | 893.13(6)(A) \| HEROIN POSSESSION OF HEROIN |

| Victim's Name (Last, First, Middle) | | | | | | Race | Sex | Date of Birth |
|---|---|---|---|---|---|---|---|---|
| State Of Florida | | | | | | | | |
| Local Address (Street, Apt. Number) | (City) | (State) | (Zip) | | Phone | | Address Source | |
| Business Address (Name, Street) | (City) | (State) | (Zip) | | Phone | | Occupation | |

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law. The Person taken into custody...

☒ committed the below acts in my presence.
☐ confessed to _____ admitting to the below facts.

☒ was observed by **WRITER** _____ who told **STATE** _____ that he/she saw the arrested person commit the below acts.
☒ was found to have committed the below acts, resulting from my (described) investigation.

On the **7** day of **February** **2021** at **04:33** (Specifically include facts constituting cause for arrest.)

On Sunday February 7th, 2021 at approximately 0242 hours, I was operating my marked WPBPD police vehicle (X2067), and driving east bound in the 600 block of 39th Street. While, I was traveling east bound on said street, I observed a black in color Mercedes Benz bearing Florida Tag: EVSM32 traveling east bound on 39th Street approaching Broadway Ave. I observed said vehicle fail to come to a complete stop at 39th Street and Broadway Ave. I conducted a traffic stop on said vehicle in regards of the traffic violation. The following events are what transpired:

The vehicle in question pulled over at the BP gas station which is located at 4415 Broadway near one of the gas pumps. I then made contact with the driver and sole occupant of the vehicle who was later identified by Florida Drivers Licenses as Rodrick Thomas 07/06/1979. Upon speaking to Thomas, I informed him that he was stopped for not coming to a complete stop at the stop sign on 39th Street and Broadway Ave. I then asked for Thomas` Florida drivers Licenses to which he complied and produced immediately. As I was speaking to Thomas my partner Officer N. Roberts signaled to me to have Thomas roll down the passenger window to the vehicle, he was driving. I asked Thomas to roll down the window to which at this point he refused to do so. Officer N. Roberts advised she was unable to see Thomas that well because of the tints that he had on his rental vehicle. Because of my partner being not being able to see Thomas from the passenger side and the possible officer safety risk it posed on scene, I made the decision to have Thomas step out of the vehicle and complete the traffic stop with Thomas out of the vehicle so that officers could have a clear view of his hands and person. When Thomas stepped outside of the vehicle he was wearing a sweater and what appeared to be pajama style pants. Thomas faced me when he got out of the vehicle I observed a bulge coming from Thomas` left rib cage area. At first I thought the bulge was the handle of a knife concealed underneath his jacket. So I conducted a pat down to insure Thomas did not have a knife on him. When I began patting Thomas down, I felt the distinct shape of the handle of a small firearm near his left rib cage area. I then placed Thomas into

SWORN AND SUBSCRIBED BEFORE ME

**MCGINLEY, ROBERT**
NOTARY PUBLIC / CLERK OF COURT / OFFICER (F.S.S. 117.10)
**02/07/2021**
DATE

SIGNATURE OF ARRESTING / INVESTIGATING OFFICER
**ROSARIO, MICHAEL** (02026)
NAME OF OFFICER (PLEASE PRINT)
**02/07/2021**
DATE

SCANNED FEB 08 2021

PAGE 1 of 2

COURT        STATE ATTORNEY        CENTRAL RECORDS        JAIL        CRIME ANALYSIS        P.I.O.

# PROBABLE CAUSE AFFIDAVIT

| | |
|---|---|
| OBTS Number | |
| | 1. Arrest  3. Request for Warrant |
| | 2. N.T.A.  4. Request for Capias |
| | JUVENILE: 1 |

| Agency ORI Number | Agency Name | Agency Report Number | Special Notes |
|---|---|---|---|
| FL 0500800 | WEST PALM BEACH POLICE | 9 4 2021-0001947 | |

Charge Type: ☒ 1. Felony  ☐ 2. Traffic Felony  ☐ 3. Misdemeanor  ☐ 4. Traffic Misdemeanor  ☐ 5. Ordinance  ☐ 6. Other

**Name (Last, First, Middle):** THOMAS, RODERICK GERMAINE
**Race:** B  **Sex:** M  **Date of Birth:** 07/06/1979

**Charges:**
- 790.23(1A) POSSESS WEAPON OR AMMO BY CONVICTED FELON
- 790.07(2) POSSESSION OF A FIREARM DURING FELONY
- 893.13(6)(A) | COCAINE POSSESSION OF COCAINE
- 893.13(6)(A) | HEROIN POSSESSION OF HEROIN

**Victim's Name:** State Of Florida

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law. The Person taken into custody:

☒ committed the below acts in my presence.
☐ confessed to _____ admitting to the below facts.
☒ was observed by WRITER _____ who told STATE _____ that he/she saw the arrested person commit the below acts.
☒ was found to have committed the below acts, resulting from my (described) investigation.

On the **7** day of **February**, **2021** at **04:33** (Specifically include facts constituting cause for arrest.)

On Sunday February 7th, 2021 at approximately 0242 hours, I was operating my marked WPBPD police vehicle (X2067), and driving east bound in the 600 block of 39th Street. While, I was traveling east bound on said street, I observed a black in color Mercedes Benz bearing Florida Tag: EVSM32 traveling east bound on 39th Street approaching Broadway Ave. I observed said vehicle fail to come to a complete stop at 39th Street and Broadway Ave. I conducted a traffic stop on said vehicle in regards of the traffic violation. The following events are what transpired:

The vehicle in question pulled over at the BP gas station which is located at 4415 Broadway near one of the gas pumps. I then made contact with the driver and sole occupant of the vehicle who was later identified by Florida Drivers Licenses as Rodrick Thomas 07/06/1979. Upon speaking to Thomas, I informed him that he was stopped for not coming to a complete stop at the stop sign on 39th Street and Broadway Ave. I then asked for Thomas' Florida drivers Licenses to which he complied and produced immediately. As I was speaking to Thomas my partner Officer N. Roberts signaled to me to have Thomas roll down the passenger window to the vehicle, he was driving. I asked Thomas to roll down the window to which at this point he refused to do so. Officer N. Roberts advised she was unable to see Thomas that well because of the tints that he had on his rental vehicle. Because of my partner being not being able to see Thomas from the passenger side and the possible officer safety risk it posed on scene, I made the decision to have Thomas step out of the vehicle and complete the traffic stop with Thomas out of the vehicle so that officers could have a clear view of his hands and person. When Thomas stepped outside of the vehicle he was wearing a sweater and what appeared to be pajama style pants. Thomas faced me when he got out of the vehicle I observed a bulge coming from Thomas' left rib cage area. At first I thought the bulge was the handle of a knife concealed underneath his jacket. So I conducted a pat down to insure Thomas did not have a knife on him. When I began patting Thomas down, I felt the distinct shape of the handle of a small firearm near his left rib cage area. I then placed Thomas into

SWORN AND SUBSCRIBED BEFORE ME

MCGINLEY, ROBERT
NOTARY PUBLIC / CLERK OF COURT / OFFICER (F.S.S. 117.10)
DATE: 02/07/2021

SIGNATURE OF ARRESTING / INVESTIGATING OFFICER
ROSARIO, MICHAEL (02026)
NAME OF OFFICER (PLEASE PRINT)
DATE: 02/07/2021

SCANNED FEB 08 2021

PAGE 1 of 2

COURT  STATE ATTORNEY  CENTRAL RECORDS  JAIL  CRIME ANALYSIS  P.I.O.

III: Statement of Claim (Attachments)

AND, his in court testimony which contradicts each other. Cdc Rosario commented pregucy. It should be noted that this incident happen in 2021.

United States District Court
Southern District of Florida

Roderick Thomas
 Plaintiff
V.
State Of Florida
 Respondent

## Fourth Amendment Violation

Come now the plaintiff and respectfully ask that this court review his probable cause and determine if officer Rosario committed perjury and as ground would argue,

## Facts Of This Case

On February 7, 2021 at 2:42 A.M officer Rosario stopped the plaintiff for a minor traffic violation. The officer alleges that the stop was

based on him observing the plaintiff car failed to come to a complete stop at 39th street and broadway, the plaintiff contend that this traffic violation never occurred.

In order to stop a vehicle lawfully, the officer must have observed a traffic infraction or traffic crime, <u>Baden v. State 174 So3d 494, Fla 4th D.C.A. 2015</u>, <u>Whren v. United States 517 U.S. 806</u>, or had a reasonable suspicion that a crime was about to or had occurred.

Allegedly officer Rosario in his suppression hearing testimony stated that he was patrolling in his vehicle <u>in a north-south alleyway travelling southbound</u>

Pg 2

when he observed this traffic violation, it should be noted that <u>officer Rosario was under oath</u> when he made this statement.

However in his probable cause Affidavit officer Rosario never mention being in <u>AN Alleyway</u>, in fact in his probable cause Affidavit he stated that " <u>he was driving East bound in the 600 block of 39th street</u>", <u>At no time does the officer mention that he was traveling south bound in a north-south Alleyway</u> before coming into contact with the plaintiff. The plaintiff contend that officer Rosario committed perjury in

Pg 3

the suppression hearing and or his probable cause affidavit, officer Rosario probable cause affidavit constradict his suppression hearing testimony.
officer Rosario has no dash cam or body cam video to test the officer Representation of what happen for the most of five city block.
United States v. Martini 615 F.2d 318, we have explicitly limited the franks rule to cases of perjurious or recklessly false statements or omission made by police.

When the fourth Amendment demands a factual showing sufficient to comprise

Pg 4

probabale cause the obvious Assumption is that there will be a truthful showing, here in the instant case officer showed a disregard for the truth in his probable cause affidavit and or in his suppression hearing testimony, officer Rosario perjurious statement and or Affidavit violates Franks.

While the constitution prohibition of making perjurious or recklessly false statements, it require that they be truthful in the sense that the information put fourth is believed, officer Rosario never once mention being in an

Pg5

Alleyway in his probable cause affidavit, perjury is committed the moment that the person utter the perjurious statement.

The Supreme Court has held that the constitution prohibits an officer from making perjurious or recklessly false statement or omissions in the information put forth to establish probable cause, <u>Franks v. Delaware 438 U.S. 154</u>, it require that they be truthful.

In <u>Lloyd v. Leeper 451 f. Supp 3d. 1314</u>, this court held, a warrant affidavit violates the fourth Amendment when it contains omission made intentionally or with a recklessly disregard for the accuracy of the affidavit, officer Rosario has shown

Pg6

A complete disregard for the accuracy of his probable cause affidavit and in the process committed perjury. This method of law enforcement in using a false probable cause affidavit is outrageous police misconduct which violated the plaintiff right to due process.

<u>Wiggins v. Florida Department of Highway Safety and motor vehicles, 209 So3d 1165,</u> A circuit court applie's the correct law by rejecting officer testimony as being competent, substantial evidence when that testimony is contrary to and refuted by objective real time video evidence. Here in the plaintiff case officer Rosario body

Pg 7

cam video contradict his probable cause affidavit and his in court testimony, in both instante officer Rosario was under oath when he committed perjury.

In Duke v. State 82 So3d 1155, based on the video, the officer report and the testimony from the officer himself, the county court concluded that the officer true motivation for the stop was either the alleged tag violation or failure to maintain a single lane, both of which the state conceded were not valid bases for a stop.

The plaintiff ask that this court reject the officer testimony and his probable

Pg 8

cause affidavit and find that the officer did in fact commit perjury, the plaintiff also ask that this court hold officer Rosario accountable on two counts of perjury.

Fourth Amendment violation are subject to the exclusionary Rule, the plaintiff ask that this court exclude all the evidence obtained and discharge the plaintiff from his conviction.

Pg 9

Respectfully Submitted
Roderick Thomas

## Certificate Of Service

I hereby certify that a true and correct copy of this brief was furnish this 12th day of September 2024 to all interested partie